UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS,<br><br>    Plaintiff,<br><br>v.<br><br>RENTERIA, Correctional Officer,<br><br>    Defendant. | Case No. 1:21-cv-01809-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915(g)<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. Nos. 2, 7)<br><br>ORDER TO ASSIGN TO DISTRICT JUDGE |

Plaintiff Barry L. Brookins, a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff filed two separate motions seeking leave to proceed *in forma pauperis* ("IFP motions"). (Doc. Nos. 2, 7).

For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motions under 28 U.S.C. § 1915(g) because Plaintiff has had at least three dismissals that constitute strikes and he has not established he meets the imminent danger exception. Plaintiff must pay the full filing fee if he wishes to proceed with a civil action.

**BACKGROUND AND FACTS**

Plaintiff initiated this action by delivering a civil rights complaint to correctional officials

for mailing on December 23, 2021.¹ (Doc. No. 1). The complaint names Correctional Officer Renteria as the sole defendant. *(Id*. at 4). The complaint generally alleges claims for violations of the Eighth, Fourth and Fourteenth Amendments and "sadistic and malicious" conduct and/or conduct constituting "sexual harassment." (*Id*.). The gravamen of the complaint is that Officer Renteria and other unnamed officers acted in an unprofessional manner, used profanity and intimidation tactics and threats when conducting an unclothed body search on Plaintiff on September 23, 2020. (*Id*. at 4-6). As relief, Plaintiff seeks compensatory damages for "mental scarring, anguish, emotional distress, [and] psychological trauma caused by this ordeal." (*Id*. at 6). The complaint attaches the inmate appeals Plaintiff filed with prison officials concerning his claim. (*Id*. at 7-23).

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

---

¹ Notably, a prison date stamp on the first page reflects the scanned and emailed date as December 22, 2021, but the proof of service form reflects the date referenced above, December 23, 2021. (*Compare* Doc. No. 1 at 1, with *id.* at 23). The Clerk of Court docketed the complaint on December 27, 2021. (*See* docket). The court applies the mailbox rule to complaints filed by prisoners. *Douglas v. Noelle*, 567 F.3d 1103, 1107-09 (9th Cir. 2009) (applying the mailbox rule adopted by the Supreme Court for habeas actions in *Houston v. Lack*, 487 U.S. 266 (1988) to § 1983 suit filed by *pro se* prisoners).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the dismissal must have been before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). A dismissal for failure to state a claim relying on qualified immunity counts as a strike. *Reberger v. Baker*, 657 F. App'x 681, 683-84 (9th Cir. Aug. 9, 2016). Dismissals of complaint as time barred under the applicable statute of limitations counts as a strike. *Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015). Further, where a court dismisses a complaint for failure to state claim with leave to amend, the court's subsequent dismissal for failure to comply with a court order by filing an amended complaint constitutes a strike for purposes of § 1915(g). *Harris v. Magnum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). However, assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent

3

1 danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053. *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)). To determine whether such a nexus exists, the court considers "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." *Id*.

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005). A plaintiff may resume his claims if he prepays the civil and administrative filing fees required by 28 U.S.C. § 1914(a).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act. As the United States Supreme Court recently noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726. By curbing the "flood of nonmeritorious claims," § 1915(g) provides the court with a mechanism to recognize a "three striker," deny IFP on that basis, require

4

payment of the full filing fee, which absent being paid, the court may dismiss the case, thereby permitting time for consideration of suits more likely to succeed.  *Lomax*, 140 S.Ct. at 1726; *see also Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (recognizing PLRA was "designed to filter out the bad claims filed by prisoners and facilitate consideration of the good.") (citations and internal quotations and alterations omitted).

## ANALYSIS

### A.  Plaintiff Has Three or More Qualifying Strikes

The Court may take judicial notice of court records.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).  A review of the Pacer Database reveals Brookins has filed at least 15 civil actions in a district court or appellate court of the United States and has had at least three cases dismissed that qualify as a strike under Ninth Circuit caselaw prior to filing this lawsuit.  Although not exhaustive, for purposes of this report and recommendation, each of the following cases are properly deemed qualifying § 1915(g) strikes and each were entered before the instant action was filed:

| **Date of Order** | **Case Style** | **Disposition** |
| --- | --- | --- |
| September 7, 2021 | *Brookins v. Dwivedi,* Case No. 1:18-cv-00645-DAD-GSA (E.D. Cal. September 7, 2021) | Order adopting report and recommendation granting motion to dismiss under Fed. R. Civ. P. 12(b)(6) finding action time-barred under applicable statute of limitations. |
| January 9, 2019 | *Brookins v. Metts, et al.*, Case No. 1:17-cv-01539-DAD-SAB (E.D. Cal. January 9, 2019) | Order adopting report and recommendation after 28 U.S.C. § 1915A screening and dismissing action for failure to state a claim upon which relief can be granted. |
| April 23, 1993 | *Brookins v. Slayton*, No. C-92-3688 BAC, 1993 WL 255500, at *3 (N.D. Cal. Apr. 23, 1993) | Order granting defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) finding defendant entitled to qualified immunity. |

Additionally, on October 15, 2001, the Central District of California dismissed an action filed by Plaintiff and his brother because "it appears clear that the complaint cannot go forward because prison administrative remedies have not been exhausted by either brother." *Brookins v. Terhune*, No. C 01-3241 SI(PR), 2001 WL 1256677, at *1 (C.D. Cal. Oct. 15, 2001). Arguably, this dismissal also qualifies as a strike because exhaustion appears to be clear from the face of the complaint. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). Nonetheless, even assuming that this additional dismissal does not qualify as a strike, as evidenced by the above, Plaintiff has three other qualifying strikes for purposes of § 1915(g).

### B. The Imminent Danger Exception Does Not Apply

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). Liberally construing the complaint, the undersigned find it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the time he filed the action. Instead, the complaint seeks compensatory damages for Plaintiff's mental anguish because he was humiliated for having to submit to an unclothed body search pursuant to prison rules. There are no allegations that Plaintiff sustained any physical injury, yet alone any factual allegations from which the court can find any basis that he is currently under threat of imminent physical danger to invoke the § 1915(g) exception. Based on the foregoing, the undersigned recommends Plaintiff's IFP motions be denied under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

### CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **RECOMMENDS** that:

1. Plaintiff's motions to proceed *in forma pauperis*, (Doc. Nos. 2, 7), be **DENIED.**
2. This action be **DISMISSED without prejudice** to refiling upon prepayment of the filing fees.

It is further **ORDERED** that the Clerk of Court is DIRECTED to randomly assign a

United States District Judge for consideration of these Findings and Recommendations.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    January 19, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE